UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| David Keocher and Jacquelyn Keocher, | Civ. No. 11-2947 (DWF/JJK) |
| Plaintiffs/Counter-Defendants, | |
| v. | |
| Federal National Mortgage Association, and all unknown successors of Federal National Mortgage Association, and all other persons unknown claiming any right, title, interest, or lien in the real estate described in the complaint herein, | REPORT AND RECOMMENDATION |
| Defendant/Counter-Claimant. | |

Jeramie Richard Steinert, Esq., Steinert PA, counsel for Plaintiffs/Counter-Defendants.

Steven R. Little, Esq., and Katherine M. Melander, Esq., Coleman, Hull & van Vliet, PLLP, counsel for Defendant/Counter-Claimant.

JEFFREY J. KEYES, United States Magistrate Judge

This matter is before the Court, United States Magistrate Judge Jeffrey J. Keyes, on the Court's Order to Show Cause as to why this case should not be dismissed for Plaintiffs' lack of prosecution. (Doc. No. 12.) This Court held a hearing on July 9, 2012. Steven R. Little appeared on behalf of Defendant Federal National Mortgage Association, and Jeramie Richard Steinert appeared on behalf of Plaintiffs. For the reasons set forth below, it is recommended that Plaintiffs' Complaint be dismissed with prejudice pursuant to Rule 41(b) of the

Federal Rules of Civil Procedure for failure to prosecute and for failure to comply with this Court's Order to Show Cause.

## BACKGROUND

This action involves certain real property in Isanti County, Minnesota, located at 28297 Vassar Street, NE, North Branch, Isanti County, MN (the "Property"), legally described as:

> The SW 1/4 of the NW 1/4 , all in Section 36, Township 35, Range 22, Excepting from the SW 1/4 of the NW 1/4 of Section 36, Township 35, Range 22, the following described tract, to wit:  thence South on Section line 41 rods to place of beginning; thence East 16 rods parallel with section line; thence South parallel with Section line 20 rods; thence West parallel with section line 16 rods; thence North on section line 20 rods to place of beginning.

The Office of the Isanti County Sheriff foreclosed Mortgage Doc. No. 376462 against the Property on February 18, 2010, and Chase Home Finance, LLC was the successful bidder, as evidenced by the Sheriff's Certificate of Sale recorded on February 18, 2010, as Document No. 406391.  (Doc. No. 16, Attach. 1, Ex. 1.) Chase Home Finance, LLC assigned the Sheriff's Certificate to Fannie Mae by way of an Assignment of Sheriff's Certificate of Sale dated February 18, 2010, as Document No. 406392.  (Doc. No. 16, Attach. 1, Ex. 2.)

The statutory twelve month right of redemption expired without redemption by the Keochers or anyone else and Fannie Mae is now the fee owner of the Property.  Fannie Mae brought an eviction against Jacquelyn Keocher and others in Isanti County, Minnesota, District Court File No. 30-CV-11-169. By written findings of fact, conclusions of law, order for judgment in unlawful detainer, dated

March 25, 2011, the Isanti County District Court found, *inter alia*, that Fannie Mae "became the owner of the subject real property on February 18, 2011" and concluded as a matter of law as follows:

> Defendant Jacquelyn A. Keocher did not redeem, did not move from the premises, and did nothing to advance her belief that she had a claim under Minn. Stat. § 325N.18.  Plaintiff could not take any action regarding the property during the twelve (12) month redemption period.  Defendant chose not to use the twelve (12) month redemption period to either initiate the appropriate action or resolve any foreclosure issues.  Therefore, any further stay in this proceeding is unwarranted.

(Doc. No. 16, Attach. 1, Ex. 3 at 13.)  The Isanti County Court then issued a Writ of Recovery of Premises and Order to Vacate dated May 12, 2011.  (Doc. No. 16, Attach. 1, Ex. 4.)

Jacquelyn Keocher brought a motion for amended findings of fact on May 17, 2011.  The Isanti County District Court granted the motion in part to correct scrivener's errors, but denied the rest of Jacquelyn Keocher's motions and found and ruled in pertinent part in its Order for Eviction dated May 26, 2011, as follows:

> 2.   The remainder of Defendant's motions are DENIED.
>
> a.   Jacquelyn Keocher was served with the Summons and Complaint for the eviction action.  Although the action was amended to name Jacquelyn Keocher personally as a defendant, she was not thereafter served with any amended pleadings.  Plaintiff's pleading and service complied with Rule 9.08.  No additional service of process was required with the amended pleadings.  Jacquelyn Keocher was not prejudiced by not being served with the amended pleadings.  The motion to dismiss is DENIED.

  b. A stay under Minn. Stat. § 325N.18 is not appropriate. Plaintiff is expressly exempted from this stay because Plaintiff was a good faith purchaser for value of the foreclosure purchaser's (Chase Home Finance, LLC's) interest in the property.  See Minn. Stat. § 325N.18 subd. 3.  Defendant has not suggested that Plaintiff or its predecessors in title were acting in concert, or with Joyce Bauer, to strip Defendant of her equity in the property.  The motion for a mandatory stay is DENIED.

  c. A new trial is not warranted.  The Court has amended the findings to conform with the evidence.  Defendant cannot demonstrate that she is in possession of any evidence that would lead to a different outcome if there were another trial.  The motion for a new trial is DENIED.

 \* \* \*

  7. Plaintiff may proceed with conducting the eviction.

  8. This Order is to take effect nunc pro tunc retroactively as of March 25, 2011.

  9. There being no reason for delay, this order shall take effect immediately.

(Doc. No. 16, Attach. 1, Ex. 5 at 21–22.)

In its accompanying Memorandum to its July 6, 2011 Order Denying Motion to Waive Cost Bond and In Forma Pauperis, the Isanti County District Court held, *inter alia*, as follows:

> Plaintiff is the (sic) Federal National Mortgage Association and it acquired its interest in the Property as an assignee of Chase Home Finance, LLC (which was the purchaser at the Sheriff's foreclosure sale).  Plaintiff had a right to rely upon the Sheriff's Certificate of Sale and assume rightly that the foreclosure sale was conducted properly. See Minn. Stat. § 580.19.
>
> Ms. Keocher's record interest in the property was that of a contract for deed vendee (purchaser).  Ms. Keocher had already published to the world what her interest in the property was.  It is unclear if Ms.

4

>Keocher is suggesting that Plaintiff had a duty to further inquire of Ms. Keocher whether or not she really meant what she said in the Contract for Deed wherein she claims to have paid $99,500 as a down payment toward an overall purchaser price of $497,500.00. Regardless, this court finds that Plaintiff had a right to rely upon that recorded Contract for Deed and the contents thereof.
>
>* * *
>
>Further, Plaintiff is exempt from 325N.18, Subd. 6 because it is not a foreclosure purchaser. See 325N.10, Subd. 4 "A foreclosure purchaser does not include: (i) a natural person who shows that the natural person is not in the business of foreclosure purchasing and has a prior personal relationship with the foreclosed homeowner, or (ii) a federal or state chartered bank, savings bank, thrift, or credit union."  MERS, Chase Home Finance, LLC and Federal National Mortgage Association meet either the express language of Subd. 4 or at least the intent of it.
>
>The fact remains that MERS, Chase and Plaintiff were not involved except as good faith mortgagee & assignor, assignee & purchaser then assignor, and assignee.  For Ms. Keocher to plead her affirmative defense under 504B.121 and 325N, she would need to allege (in good faith) that not only was she a victim, but that MERS, Chase or Plaintiff was complicit in the scheme with Ms. Bauer to deprive Ms. Keocher of her interest in the property.
>
>Ms. Keocher's claim under this aspect of her appeal is frivolous because it is not grounded in fact or law.

(Doc. No. 16, Attach. 1, Ex. 6 at 35–36.)

By Order dated August 30, 2011, the Minnesota Court of Appeals in *Jacquelyn Keocher v. Federal National Mortgage Association*, A11-1084, dismissed Jacquelyn Keocher's appeal of the Isanti County District Court's May 25, 2011 Order as being untimely.  (Doc. No. 16, Attach. 1, Ex. 7.)  And then by Order dated August 31, 2011, the Minnesota Court of Appeals in *In re Jacquelyn*

5

*Keocher v. Federal National Mortgage Association*, A11-1075, denied Jacquelyn Keocher's petition for mandamus. (Doc. No. 16, Attach. 1, Ex. 8.)

Plaintiffs recorded a Notice of Lis Pendens dated May 25, 2011, on May 26, 2011, as Document No. 417082. (Doc. No. 16, Attach. 1, Ex. 9.) Plaintiffs recorded another Notice of Lis Pendens dated June 9, 2011, on June 10, 2011, as Document No. 417447. (Doc. No. 16, Attach. 1. Ex. 10.) Plaintiffs recorded a release of their first Notice of Lis Pendens, Doc No. 417082, on August 31, 2011, as Document No. 418965. (Doc. No. 16, Attach. 1, Ex. 11.) The Property is currently unoccupied. (Doc. No. 1, Attach. 1, Compl. at ¶ 55; Doc. No. 16, Attach. 1, Ex. 6 at 25.)

Plaintiffs commenced this action in Isanti County, Minnesota state court by serving Fannie Mae with a Summons and Complaint dated June 9, 2011. (Doc. No. 1, Attach. 1.) Fannie Mae timely and properly removed Plaintiffs Summons and Complaint from Isanti County, Minnesota state court on October 5, 2011 (Doc. No. 1, Attach. 2), and filed its Answer and Counterclaim on October 7, 2011. (Doc. No. 2.) This Court issued its Pretrial Scheduling Order on November 16, 2011, in which the Court required the parties to serve their Rule 26(a)(1) disclosures by or before December 15, 2011.[1] (Doc. No. 8.) Throughout April and May 2012, Fannie Mae's attorney repeatedly reminded

---

[1] The Pretrial Scheduling Order also set the close of fact discovery for March 1, 2012, the non-dispositive motion filing deadline for March 1, 2012, and the dispositive motion filing deadline for May 15, 2012, all of which have now passed. (Doc. No. 8.)

6

Plaintiffs' attorney that Plaintiffs' Rule 26(a)(1) disclosures were overdue as they had not been served by this time. (Doc. No. 15, Decl. of Steven R. Little in Supp. of Def.'s Rule 41(a) Mot. to Dismiss for Failure to Prosecute ("Little Decl.") ¶ 4; Doc. No. 16, Attach. 1, Exs. 14, 15, 17.)

On May 14, 2012, this Court issued an Order for a telephone status conference to be held on May 22, 2012. (Doc. No. 10.) This Order clearly stated that "All counsel must attend this conference by phone." (*Id.*) Fannie Mae's attorney participated in the May 22, 2012 telephone status conference, but Plaintiffs' attorney did not appear. (Doc. No. 11.) On June 7, 2012, this Court ordered Plaintiffs to show cause at a hearing to be held on June 21, 2012, later rescheduled for July 9, 2012, why this case should not be dismissed for lack of prosecution. (Doc. Nos. 12, 18.) Both Plaintiffs' and Defendant's attorneys appeared at the July 9, 2012 show cause hearing. (Doc. No. 19.) Plaintiffs' attorney, however, gave no good reason as to why he had not served Rule 26(a)(1) disclosures, why he had not responded to Defendant's attorneys reminders, or why he had not appeared at the Court ordered telephone conference on May 22, 2012. His explanation for not serving the disclosures was that he thought that he had served them. This Court finds this disingenuous because he had been contacted several times by defense counsel stating that they had not received them, and Plaintiffs' counsel did not follow up. And, at the July 9, 2012 hearing, Plaintiffs' attorney confirmed that he had still not served Plaintiffs' Rule 26(a)(1) disclosures on Defendant, even after being faced with the

risk of dismissal after being notified of the show cause hearing. Further, as to why Plaintiffs' counsel did not appear at the Court ordered telephone conference on May 22, 2012, Plaintiffs' attorney only stated that he did not have a good excuse for that.

## DISCUSSION

Federal Rule 41(b) empowers courts to dismiss a plaintiff's lawsuit with prejudice for failure to prosecute or failure to comply with either the Federal Rules or a court order:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). "This power enables the district courts to ensure the expeditious handling of cases and to protect the rights of opposing parties to be free of prejudice caused by a litigant's dilatory conduct." *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997) (citing *Moore v. St. Louis Music Supply Co.*, 539 F.2d 1191, 1193 (8th Cir. 1976)).

Dismissal with prejudice is "only . . . available for 'willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay.'" *Siems v. City of Minneapolis*, 560 F.3d 824, 826 (8th Cir. 2009) (quoting *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000)). Willful disobedience or intentional delay does not require a finding "that the [plaintiff] acted in bad faith,

8

but requires only that he acted intentionally as opposed to accidentally or involuntarily.'" *Hunt*, 203 F.3d at 527 (quoting *Rodgers v. Univ. of Mo.*, 135 F.3d 1216, 1219 (8th Cir. 1998)). In considering this remedy, "[a] district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party." *Hutchins*, 116 F.3d at 1260. Less severe sanctions, however, are not required if they create futility by leaving a plaintiff "'totally unable to prove his claims.'" *Siems*, 560 F.3d at 827 (quoting *Hunt*, 203 F.3d at 528). Although dismissal with prejudice is an "extreme sanction," *Hunt*, 203 F.3d at 527, district courts should be given a "'large measure of discretion in deciding what sanctions are appropriate for misconduct'" because they "are more familiar with their own dockets." *Siems*, 560 F.3d at 826 (quoting *Hutchins*, 116 F.3d at 1260).

In *Siems*, the Eighth Circuit affirmed the district court's dismissal with prejudice where the plaintiff's counsel did not participate in the joint Rule 26(f) report mandated by the district court and did not comply with any part of the court's pretrial order. *Id.* at 826. The electronically filed pretrial scheduling order "warned that '[t]he failure of any party to comply with the procedures outlined herein shall result in the imposition of an appropriate sanction,'" yet the plaintiff "wholly failed to comply with any part of" the pretrial scheduling order, "submitted not one required document[,] and failed to otherwise contact the Court." *Siems*,

9

531 F. Supp.2d 1069, 1070–71 (D. Minn. 2008). The district court observed the following:

> This is not a case in which a party violated one portion of a pretrial scheduling order. Rather, Plaintiff has violated **every part** of the Court's Order despite the fact that the Court granted Plaintiff an extension and clearly warned Plaintiff of the effect of noncompliance.

*Id.* at 1071 (emphasis in original). Despite repeated warnings from the court via e-mail and telephone, plaintiff's counsel never responded, nor did plaintiff's counsel file any motions. *Siems*, 560 F.3d at 826. The Eighth Circuit concluded that, "[t]aken as a whole, [plaintiff's counsel's] inactions amounted to a persistent pattern of delay and willful violation of court orders." *Id.* at 826–27. The court also noted that plaintiff in this instance should be held accountable: "The record does not contain any evidence that [plaintiff] himself contributed in any way to the dilatory actions of his counsel. However, we have long held that litigants choose their counsel at their own peril." *Id.* at 827 (quoting *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 118–19 (8th Cir. 1997)).

This Court concludes that Plaintiffs' Complaint should be dismissed with prejudice because of Plaintiff's failure to comply with this Court's Orders and for failure to prosecute their case. Although Plaintiffs' attorney claims that he did not participate in discovery in this case because discovery is not needed, and that he did not bring a dispositive motion because there are fact issues, this does not excuse Plaintiffs from complying with their Rule 26 obligations, nor does it explain why their counsel did not respond to Defendant's repeated requests for

such.  At a minimum, Plaintiffs' counsel should have followed-up or communicated in some way to fix the Rule 26 disclosure issue before now – every deadline in the Pretrial Scheduling Order has passed except for the trial date and Plaintiff still did not see fit to comply with Rule 26(a)(1) disclosure obligations, even after this Court issued its notice for the show cause hearing based on his failure to comply with Rule 26.  Further, even if it were true that Plaintiff thought he had previously served the disclosures, it provides no excuse for his failure to comply with this Court's order to appear at the May 22, 2012 phone conference.

This Court also concludes that Plaintiff's lack of communication throughout the duration of this case has resulted in great prejudice to Defendant, and a dismissal of Plaintiffs' Complaint without prejudice will only prejudice Defendant further.  The title to the Property is currently clouded by Plaintiffs' Notice of Lis Pendens, Document No. 417447, and Fannie Mae has been unable to market and sell the Property.  Had Plaintiffs' counsel participated in this case, the parties may have been able to address the clouded title much earlier, as both parties indicated at the July 9, 2012 hearing that they would be amenable to mediate this case.  Accordingly, to further mitigate the prejudice that Plaintiffs have caused Defendant in their delay, this Court recommends that the District Court should, as part of its Order, also order the Isanti County Recorder to discharge the Notice of Lis Pendens, Document No. 417447, from the Property and declare that Plaintiffs have no remaining right, title, or interest in the Property.  *See La Societe*

*Generale Immobiliere v. The Minneapolis Cmty. Dev. Agency*, 827 F. Supp. 1431, 1438 (D. Minn. 1993) (granting defendant's motion to cancel the lis pendens on the subject property).

## RECOMMENDATION

Based on the record, and for the reasons stated, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiffs' Complaint (Doc. No. 1, Attach. 1), be **DISMISSED WITH PREJUDICE**;

2. Defendant's Motion to Dismiss for Lack of Prosecution (Doc. No. 13), be **DENIED AS MOOT**;

3. An Order issue stating that Plaintiffs have no remaining right, title, or interest in the real property located in Isanti County, Minnesota, legally described as follows:

> The SW 1/4 of the NW 1/4, all in Section 36, Township 35, Range 22, Excepting from the SW 1/4 of the NW 1/4 of Section 36, Township 35, Range 22, the following described tract, to wit: thence South on Section line 41 rods to place of beginning; thence East 16 rods parallel with section line; thence South parallel with Section line 20 rods; thence West parallel with section line 16 rods; thence North on section line 20 rods to place of beginning.

4. An Order issue ordering that Plaintiffs' Notice of Lis Pendens dated June 9, 2011, and recorded with the Isanti County Recorder on June 10, 2011, as Document No. 417447 be discharged;

     5.     An Order issue authorizing the Isanti County Recorder to accept a certified copy of the Court's Order for recording against the Property legally described in Paragraph 3 of this Recommendation; and

     6.     The Court direct the Clerk of Court to enter judgment.

Date: July 9, 2012                               __*s/ Jeffrey J. Keyes*_____
                                                   JEFFREY J. KEYES
                                                   United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 23, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

     Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.